```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NORTHFIELD INSURANCE COMPANY,                 :
                                              :
                        Plaintiff,            :
                                              :       REPORT &
        -against-                             :       RECOMMENDATION
                                              :       19-CV-195 (PKC) (SMG)
ABC CONSTRUCTION & HOME IMPROVEMENT,          :
INC., BJ BERAN, ANIL BERAN, 18823 WOODHULL,   :
LLC, JRS CONSTRUCTION & EXPEDITING            :
SERVICES, INC., SANTOS MARCIANO GATICA        :
CASARRUBIAS,                                  :
                                              :
                        Defendants.           :
-----------------------------------------------------------------------x
```

STEVEN M. GOLD, U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Northfield Insurance Company brings this action seeking a declaratory judgment stating that it has no duty to defend and/or indemnify defendants ABC Construction & Home Improvement, Inc. ("ABC Construction"), BJ Beran, Anil Beran, 18823 Woodhull, LLC ("Woodhull"), and/or any other person or organization in connection with an underlying action filed in New York Supreme Court, Kings County, by defendant Santos Marciano Gatica Casarrubias. Am. Compl. ¶ 1, Dkt. 11. In the underlying action,[1] Casarrubias sued Woodhull, BJ Beran, ABC Construction, and defendant JRS Construction & Expediting Services, Inc. ("JRS Construction") for personal injuries that he sustained at a construction site in Queens, New York, on November 8, 2016. Compl. in Underlying Action at ¶¶ 40, 44, Dkt. 54-2.[2]

---

[1] *Casarrubias v. 188-23 Woodhull LLC et al.*, Index No. 503973/2017 (N.Y. Sup. Ct., Kings Cty.).

[2] Plaintiff states that BJ Beran and Anil Beran are named as defendants in this action because (1) they are principals and/or employees of ABC Construction and (2) BJ Beran is a defendant in the underlying action. Declaration of Frank A. Valverde ("Valverde Decl.") ¶ 10, Dkt. 54-1. Plaintiff further states that Casarrubias and JRS Construction are named as defendants because they are "potentially interested or necessary parties due to their claims against ABC [Construction] and Woodhull in the [u]nderlying [a]ction." *Id.* ¶ 11.

On April 16, 2019, Woodhull, through counsel Christopher D. Skoczen, Esq., filed an answer with one counterclaim for breach of contract. Answer, Dkt. 31. On May 17, 2019, plaintiff filed an answer to the counterclaim. Answer to Counterclaim, Dkt. 33. No other defendant appeared.

By letter motion filed on July 23, 2019, Mr. Skoczen moved to withdraw as counsel due to Woodhull's inability to pay his legal fees. Letter, Dkt. 35. Mr. Skoczen advised the Court that Woodhull consented to his withdrawal as counsel and that Woodhull would take "no position" as to plaintiff's allegations in the Amended Complaint and "d[id] not plan to otherwise oppose" the Amended Complaint. *Id.* at ECF pg. 1. The Court scheduled a conference on the motion, ordering that Guy Iber, Woodhull's principal, "must be present" and noting that his "[f]ailure to appear will result in entry of a default judgment against [Woodhull]." Order dated July 24, 2019. At the conference, the Court granted Mr. Skoczen's motion to withdraw as unopposed. Min. Order dated Aug. 28, 2019, Dkt. 51. Mr. Iber, after being informed that the result would be a default in favor of plaintiff, advised the Court that he did not intend to retain new counsel on behalf of Woodhull. Accordingly, the Court ordered plaintiff to "promptly seek a certificate entering the default of [Woodhull] from the Clerk of Court" and to move for a default judgment after the Clerk's entry of default was docketed and, in any event, no later than September 20, 2019. *Id.* Plaintiff requested a certificate of default as to Woodhull, Dkt. 52, and the Clerk noted Woodhull's default on September 18, 2019, Dkt. 53.

Upon plaintiff's separate applications, the Clerk of Court noted the defaults of non-appearing defendants ABC Construction, BJ Beran, Anil Beran, JRS Construction, and Casarrubias. Certificates of Default, Dkt. 45–49.

Plaintiff now moves for entry of a default judgment against all defendants. Not. of Mot.

2

for Default J., Dkt. 54.  The Honorable Pamela K. Chen has referred plaintiff's motion to me for report and recommendation.  Order dated Jan. 7, 2020.  For the following reasons, I recommend that the Court grant plaintiff's motion for a default judgment and that a judgment be entered declaring that plaintiff has no obligation to defend and/or indemnify ABC Construction, BJ Beran, Anil Beran, Woodhull, and/or any other person or organization in the underlying action, *Casarrubias v. 188-23 Woodhull LLC et al.*, Index No. 503973/2017 (N.Y. Sup. Ct., Kings Cty.).

## FACTS

The underlying lawsuit involves an incident that occurred on November 8, 2016 at a property located at 188-23 Woodhull Avenue in Jamaica, New York.  Am. Compl. ¶¶ 13, 17.  Woodhull, which owns the property, contracted with ABC Construction to construct a three-family home.  *Id.* ¶¶ 13, 14.  In turn, ABC Construction hired nonparty NK Alvarez to perform brick and concrete work and window framing work at the site.  *Id.* ¶ 16.  Casarrubias, the plaintiff in the underlying action, alleges that he was injured while performing work at the site as an employee of NK Alvarez.  *Id.* ¶¶ 17, 18.  Specifically, he alleges that he sustained injuries as a result of falling from an elevated work surface and making contact with an unguarded saw/grinder.  Compl. in Underlying Action ¶ 44.

Plaintiff issued a commercial general liability policy to ABC Construction for the period of January 12, 2016 through January 12, 2017, the time period during which Casarrubias's accident took place.  Am. Compl. ¶ 23; Policy, Dkt. 54-22.  The policy identifies ABC Construction as the sole named insured on a page entitled "Common Policy Declarations."  Policy at 2.[3]

The policy includes a section entitled "Exclusion – Injury to Employees, Workers or

---

[3] The page numbers in the text refer to the "Travelers Doc Mgmt" numbers that appear in the lower right-hand corner of the document's pages.

3

Contracted Persons of Insureds or Contracted Organizations." In relevant part, this section states:

> This insurance does not apply to "bodily injury" to:
>
> \* \* \*
>
> (3) Any person who is employed by, is leased to or contracted with any organization that:
>
> > (a) Contracted with you or with any insured for services; or
> >
> > (b) Contracted with others on your behalf for services;
> >
> > arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business;
>
> \* \* \*
>
> For the purposes of this exclusion, contracted includes entering into an oral or written contract.
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
>
> (2) Whether the insured may have any obligation to share damages with or repay someone else who must pay damages because of the injury.

Policy at 36. The policy also includes a section entitled "Exclusion – Independent Contractors," which provides as follows:

> This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury," or medical expense arising out of:
>
> A. The premises of any independent contractor; or
>
> B. The operations of any independent contractor for or on behalf of any insured.

4

*Id.* at 73.

ABC Construction notified Northfield of the incident and underlying action on June 26, 2017.  Am. Compl. ¶ 34.  By letter dated July 17, 2017, Northfield disclaimed coverage to ABC Construction and BJ Beran based on the "Contracted Persons" and "Independent Contractors" exclusions, among others, but agreed to defend ABC Construction and BJ Beran in the underlying action pending the outcome of this declaratory judgment action.  *Id.* ¶¶ 35–36; Letter dated July 17, 2017 at 3–4, 7, Dkt. 54-24.  In its letter, Northfield stated that its investigation determined that, at the time of his accident, Casarrubias was an employee of NK Alvarez, an entity hired by ABC Construction to perform framing work at the Woodhull construction site.  Letter dated July 17, 2017 at 2.  Thereafter, by letter dated September 13, 2017, Woodhull's counsel requested that Northfield defend and indemnify Woodhull in the underlying action.  Am. Compl. ¶ 37.  In response, Northfield disclaimed coverage to Woodhull based on the "Contracted Persons" and "Independent Contractors" exclusions, among others.  *Id.* ¶ 38; Letter dated Sept. 18, 2017 at 5–6, 8, Dkt. 54-25.  After Woodhill produced a copy of its contract with ABC Construction, Northfield disclaimed coverage again on the same grounds.  Am. Compl. ¶ 39; Letter dated Mar. 4, 2018 at 5–6, 9, Dkt. 54-26.

**DISCUSSION**

**I.    Declaratory Judgment Standard**

District courts may enter a judgment declaring "the rights and . . . legal relations" of parties.  28 U.S.C. § 2201(a).  A court may consider whether to enter a declaratory judgment only if the action presents an actual case or controversy that is "real and immediate, allowing specific and conclusive relief" and is "ripe for adjudication."  *U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 352 (E.D.N.Y. 2006) (internal quotation marks and citations

5

omitted). However, a federal court should not issue a declaratory judgment that would "interfere with an orderly and comprehensive disposition of the litigation in state court." *Id.* at 353.

Here, although Northfield is currently providing a defense to ABC Construction and BJ Beran in the underlying action, Northfield is not a party to that state action and "thus cannot litigate its obligations there." *Max Specialty Ins. Co. v. WSG Investors, LLC*, 2012 WL 3150579, at *4 (E.D.N.Y. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 3150577 (E.D.N.Y. Aug. 2, 2012). Therefore, Northfield's declaratory judgment action is properly adjudicated by this Court. *See Northfield Ins. Co. v. Cibor Const., Inc.*, 2015 WL 5560871, at *4 (E.D.N.Y. July 23, 2015), *report and recommendation adopted*, 2015 WL 5567067 (E.D.N.Y. Sept. 21, 2015).

## II. Default Judgment Standard

Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

The Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, a hearing is not required, as a court may conclude that detailed affidavits and documentary evidence are sufficient. *See Action S.A.*

6

*v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).  Moreover, "[i]n addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default." *W. Heritage Ins. Co. v. Jacobs Dev. Corp.*, 2014 WL 297792, at *4 (E.D.N.Y. Jan. 27, 2014) (quoting *Scottsdale Ins. Co. v. LCB Constr. LLC*, 2012 WL 1038829, at *3 (E.D.N.Y. Feb. 14, 2012)).

### III. Exclusions Preclude Coverage under the Policy

As stated above, plaintiff seeks a declaration that it has no duty to defend and/or indemnify ABC Construction, BJ Beran, Anil Beran, Woodhull, and/or any other person or organization under the policy issued by plaintiff to ABC Construction in connection with the underlying action filed by Casarrubias.

"Under governing New York law,[4] an insurer's duty to defend is exceedingly broad and is separate from and more expansive than the duty to indemnify." *Commercial Union Assur. Co., PLC v. Oak Park Marina, Inc.*, 198 F.3d 55, 59 (2d Cir. 1999) (internal quotation marks and citations omitted).  This duty to defend "is a contractual obligation." *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013).  To determine whether there is a duty to defend, "a court will ordinarily compare the allegations of the complaint [in the underlying personal injury action] to the insurance policy's terms." *Id.*  "Generally, where allegations in a complaint fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be, there is a duty to defend." *Id.*  However, "[a]n insurer cannot be obliged to defend if there is no legal or factual allegation in the underlying complaint

---

[4] Plaintiff does not explicitly identify what law governs but does cite to various New York cases in its memorandum of law.  *See* Mem. of Law in Supp. of Mot. for Default J., at 8–10, Dkt. 54-27.  Therefore, I infer that plaintiff asserts that New York law applies in this case.

7

for which the insurer might eventually have to indemnify the insured." *Commercial Union Assur. Co., PLC*, 198 F.3d at 59; *see also Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82–83 (2d Cir. 2006). Unlike "an insurer's broad duty to defend, the duty to indemnify is determined by the actual basis for the insured's liability to a third person and does not turn on the pleadings, but rather on whether the loss, as established by the facts, is covered by the policy." *U.S. Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2004 WL 1497563, at *5 (S.D.N.Y. July 1, 2004) (internal quotation marks and citation omitted).

To succeed on a claim that the terms of the policy preclude coverage, the insurer must "demonstrate that the allegations of an underlying complaint place that pleading solely and entirely within the exclusions of the policy." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 77 (2d Cir. 2013) (internal quotation marks and citations omitted). The "insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case and that its interpretation of the exclusion is the only construction that [could] fairly be placed thereon." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (internal quotation marks and citation omitted). After the "insurer establishes that a policy exclusion applies, the burden shifts to the policyholder to prove that an exception to that exclusion applies." *Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 122 (2d Cir. 2012). Notwithstanding this burden shift, ambiguous terms are "interpreted against the insurer and in favor of coverage for the insured." *U.S. Underwriters Ins. Co. v. United Pacific Assocs., LLC*, 2006 WL 1329756, at *2 (E.D.N.Y. May 16, 2006).

Here, the plain meaning of the "Contracted Persons" exclusion invoked by plaintiff is that the policy does not provide coverage for bodily injury damages sustained by an employee of any

contractor hired by or for any insured in the course of the employee's employment.  The Amended Complaint alleges, and in the context of a default it is deemed to be true, that the underlying action involved "bodily injury" to a "person," i.e., Casarrubias, who was "employed by . . . [an] organization," i.e., NK Alvarez, that "contracted with you," i.e., ABC Construction, "for services," i.e., work at the construction site, "arising out of and in the course of [his] employment" with NK Alvarez.  Policy at 36; Am. Compl. ¶¶ 16-18.[5]

The only possible interpretation of these allegations is that the factual predicate for Casarrubias's claims falls wholly within the exclusion.  Courts have regularly found the same or similar exclusions to bar coverage under comparable circumstances.  *See Northfield Ins. Co. v. Omni Build, Inc.*, 2015 WL 427913, at *2 (E.D.N.Y. Feb. 2, 2015*)* (holding that a similar exclusion precluded coverage for bodily injury sustained by an employee of the insured's sub-subcontractor); *Campoverde v. Fabian Bldrs., LLC*, 83 A.D.3d 986, 988 (2d Dep't. 2011) (holding that a similar exclusion precluded coverage because the claimant alleged that "he sustained bodily injuries in the course of his employment for Tahoe Contracting Corp., an entity he alleged was hired to perform work on the construction project by either . . . an additional insured under the policy, or . . . the named insured of the policy."); *Nautilus Ins. Co. v. Matthew David Events, Ltd.*, 69 A.D.3d 457, 460 (1st Dep't. 2010) (holding that a similar exclusion precluded coverage for bodily injury sustained by an employee of the insured's subcontractor).

Thus, the allegations in the Amended Complaint establish that plaintiff has no duty to defend and/or indemnify ABC Construction, BJ Beran, Anil Beran, Woodhull, and/or any other person or organization in the underlying action because coverage is excluded under the

---

[5] Moreover, plaintiff has submitted a Bill of Particulars filed by Casarrubias in the underlying personal injury action, in which Casarrubias acknowledges that he was employed as a laborer for NK Alvarez at the time of his accident.  Bill of Particulars ¶ 22, Dkt. 54-3.

9

"Contracted Persons" provision of the policy.

The second exclusion that plaintiff relies upon in its motion for default judgment is the "Independent Contractors" exclusion, which bars coverage for bodily injury "arising out of . . . [t]he operations of any independent contractor for or on behalf of any insured." Policy at 73. "This exclusion has been characterized as clear and unambiguous." *Atl. Cas. Ins. Co. v. W. Park Assocs., Inc.*, 585 F. Supp. 2d 323, 326 (E.D.N.Y. 2008) (internal quotation marks and citation omitted); *see also U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth*, 2004 WL 2191051, at *5 (E.D.N.Y. Sept. 30, 2004); *Falcon Constr. Corp.*, 2004 WL 1497563, at *5. Moreover, the term "arising out of" in this context is a "'broad, general, comprehensive' term 'ordinarily understood to mean originating from, incident to, or having connection with the operations performed by an independent contractor for the insured.'" *W. Park Assocs., Inc.*, 585 F. Supp. 2d at 326 (quoting *Congregation Kollel Tisereth*, 2004 WL 2191051, at *6). Finally, "[t]he exclusion has been interpreted using a 'but for' test," which means that "an injury is excluded from policy coverage if the loss is incurred 'but for' the operations performed by the independent contractor." *Id.* (internal citations omitted).

Here, the Amended Complaint alleges, and in light of defendants' default it is deemed true, that Casarrubias sustained "bodily injury" arising out of "[t]he operations of" NK Alvarez—an independent contractor—"for or on behalf of" ABC Construction—the named insured. Policy at 73. More specifically, plaintiff's Amended Complaint alleges that Casarrubias was injured while performing concrete, masonry, and/or window framing work as an employee of NK Alvarez. Am. Compl. ¶¶ 18–21. It is therefore established that Casarrubias's injuries arose out of the operations of NK Alvarez. Thus, the allegations in the Amended Complaint establish that coverage is excluded under the "Independent Contractors" provision in

10

the policy.

## CONCLUSION

For the reasons stated above, I respectfully recommend that the Court grant plaintiff's motion for a default judgment and that a judgment be entered declaring that plaintiff has no obligation to defend and/or indemnify ABC Construction, BJ Beran, Anil Beran, Woodhull, and/or any other person or organization in the underlying action, *Casarrubias v. 188-23 Woodhull LLC et al.*, Index No. 503973/2017 (N.Y. Sup. Ct., Kings Cty.).

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before May 18, 2020. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendants at their last known addresses and file proof of service with the Court.

SO ORDERED.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
May 4, 2020

U:\#JAV 2019-2020\Northfield Ins. Co. v. ABC Constr. et al. 19-CV-195\Final R&R.docx